UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER:


Jennifer Catone,

          Plaintiff,

vs.

Barker Animation, Inc.,
a foreign for profit corporation
and Herbert Barker, individually,

          Defendants.
_____/

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.    This is a suit for damages for unpaid overtime wages under Chapter 8 of Title 29, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201-219 ("Fair Labor Standards Act" or "FLSA").

### HISTORY

2.    On or about August 1, 2013, through on or about March 15, 2015, plaintiff Jennifer Catone, ("Plaintiff") performed work in Florida as a non-exempt employee for defendants Barker Animation, Inc. and Herbert Barker.

**JURISDICTION AND VENUE**

I.   SUBJECT MATTER JURISDICTION

　　3.   This Court has subject matter jurisdiction because this is a civil action arising under the laws of the United States.   See 28 U.S.C. 1331.   Specifically, Plaintiff seeks to prosecute civil claims under the Fair Labor Standards Act, 29 U.S.C. § 201-219.

II.   PERSONAL JURISDICTION

　　4.   Defendant Barker Animation, Inc. is a Connecticut corporation authorized by the Florida Department of State Division of Corporations to transact business in Florida.   Defendant Barker Animation, Inc. has a permanent place of business in Hallandale Beach, Broward County, Florida.

　　5.   Defendant, Herbert Barker, under information and belief is a resident of Broward County, Florida.

　　6.   Plaintiff is a resident of Broward County, Florida.

III. VENUE

PLAINTIFF'S ORIGINAL COMPLAINT                    CASE NO. _____

7.    Venue is proper in the Southern District of Florida because the events giving rise to the claims occurred in the Southern District of Florida.

**GENERAL ALLEGATIONS**

8.    Defendant, Herbert Barker was an employer to Plaintiff as that term is defined in 29 U.S.C. § 203(d) based on his position in matters as follow:

   a.    A corporate officer of defendant Barker Animation, Inc.

   b.    Controlled significant aspects of defendant Barker Animation, Inc. day-today functions.

   c.    Determined Plaintiff's compensation.

   d.    Authority over the hiring, firing, hours, and work assignments of defendant Barker Animation, Inc.'s personnel including that of Plaintiff.

9.    Defendant, Barker Animation, Inc. was an employer to Plaintiff as that term is defined in 29 U.S.C. § 203(d) since through its agents had substantial control over the terms and conditions of Plaintiff's work.

10.   At all times pertinent to this Complaint, Barker Animation, Inc. operated several retail stores

PLAINTIFF'S ORIGINAL COMPLAINT                    CASE NO. _____

selling animation art, two located in Florida, one located in Connecticut, and an internet based sales.

11.  At all times pertinent to this Complaint defendant Barker Animation, Inc. was an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(s)(1) because defendant Barker Animation, Inc. had the following:

a.  Two or more employees engaged in commerce or in the production of goods for commerce.  For example, employees received animation art from outside Florida, sent animation art to destinations outside Florida and communicated weekly with defendant Barker Animation, Inc.'s Connecticut store, by mail, telephone, and internet; or

b.  Two or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.  For example, employees processing retail sales used electronics, paper supplies, computer products, and telecommunications products that originated outside of Florida; and

PLAINTIFF'S ORIGINAL COMPLAINT                    CASE NO. _____

c.    Upon information and belief is an enterprise whose annual gross volume of sales made or business done was not less than $500,000.00.

12.    Plaintiff performed work for defendant Barker Animation, Inc. where she was individually engaged in commerce or in the production of goods for interstate commerce as defined in 29 U.S.C. § § 203(r) and 203(s). She regularly received animation art from outside Florida and sent animation art to destinations outside Florida.  Furthermore, she communicated weekly with the retail Connecticut store, by mail, telephone, and internet.

## CAUSES OF ACTION

## I. OVERTIME CLAIM AGAINST DEFENDANT BARKER ANIMATION, INC.

13.    Plaintiff incorporates the allegations in paragraphs 1 – 12 in this section for all purposes as if fully restated.

14.    Defendant Barker Animation, Inc. violated the provisions of U.S.C. § 207(a)(1) by employing Plaintiff without compensating her at a rate not less than one and one-half (1½) times her regular rate for the hours worked in excess of forty (40) for each workweek.

15.   Defendant Barker Animation, Inc. <u>willfully</u>
violated the provisions of U.S.C. § 207(a)(1) by
employing Plaintiff without compensating her at a rate
not less than one and one-half (1½) times her regular
rate for the hours worked in excess of forty (40) for
each workweek.

16.   Plaintiff claims unpaid overtime wages against
defendant Barker Animation, Inc. from on or about August
11, 2013 2014, through on or about March 15, 2015.

17.   Pursuant to 29 U.S.C. § 216(b), Plaintiff is
entitled to recover from defendant Barker Animation,
Inc. a reasonable attorney fee and costs.

18.   Pursuant to 29 U.S.C. § 216(b), Plaintiff is
entitled to recover from defendant Barker Animation,
Inc. liquidated damages in an equal amount due for
unpaid overtime compensation.  Alternatively, if
liquidated damages are denied, prejudgment interest is
claimed.

WHEREFORE, Plaintiff demands judgment against
defendant Barker Animation, Inc. for the following:

a.   Overtime compensation.

b.   Liquidated damages or in the alternative

prejudgment interest should liquidated

damages be denied.

c.    Reasonable attorney's fees and costs.

## II.  OVERTIME CLAIM AGAINST DEFENDANT HERBERT BARKER

19.        Plaintiff incorporates the allegations
in paragraphs 1 – 12 in this section for all purposes as
if fully restated.

20.  Defendant Herbert Barker violated the
provisions of U.S.C. § 207(a)(1) by employing Plaintiff
without compensating her at a rate not less than one and
one-half (1½) times his regular rate for the hours
worked in excess of forty (40) for each workweek.

21.  Defendant Herbert Barker willfully violated
the provisions of U.S.C. § 207(a)(1) by employing
Plaintiff without compensating her at a rate not less
than one and one-half (1½) times her regular rate for
the hours worked in excess of forty (40) for each
workweek.

22.  Plaintiff claims unpaid overtime wages against
defendant Herbert Barker from on or about August 1,
2013, through on or about March 15, 2015.

PLAINTIFF'S ORIGINAL COMPLAINT                    CASE NO. _____

23.   Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover from defendant Herbert Barker a reasonable attorney fee and costs.

24.   Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover from defendant Herbert Barker liquidated damages in an equal amount due for unpaid overtime compensation.  Alternatively, if liquidated damages are denied, prejudgment interest is claimed.

WHEREFORE, Plaintiff demands judgment against defendant Herbert Barker for the following:

a.   Overtime compensation.

b.   Liquidated damages or in the alternative prejudgment interest should liquidated damages be denied.

c.   Reasonable attorney's fees and costs.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues as provided by Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: November 9, 2015.

Respectfully submitted by:

/s/ James E. Dusek

PLAINTIFF'S ORIGINAL COMPLAINT                    CASE NO. _____

James E. Dusek, Esq.
Florida Bar No. 0770833
915 Middle River Drive
Suite 600
Ft. Lauderdale, FL  33304
Mailing Address:
Post Office Box 4337
Ft. Lauderdale, FL  33338
(954) 565-2344 (Tel.
(954) 566-7980 (Facsimile)
jim@duseklawfirm.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 9, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: /s/ James E. Dusek_____
James E. Dusek, Esq.

PLAINTIFF'S ORIGINAL COMPLAINT                CASE NO. _____