UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 15-62372-CIV-DIMITROULEAS

JENNIFER CANTONE,

        Plaintiff,

vs.

BARKER ANIMATION, INC.,
a foreign for profit corporation
and HERBERT BARKER, individually,

        Defendants.
_____/

## SETTLEMENT AGREEMENT AND GENERAL RELEASES

Plaintiff, JENNIFER CANTONE (together with her agents and attorneys) ("plaintiff" or "Employee"), and Defendants, BARKER ANIMATION, INC. (together with its owners, officers, directors, employees, attorneys, agents, and all others acting on its behalf) and HERBERT BARKER (together with his agents and attorneys), (collectively, "Defendants" or "Company"), hereby agree upon this settlement ("Settlement" or "Agreement") of all issues involved in the above-styled case as follows:

### Recitals and Definitions

    a.    The "action" shall mean <u>Jennifer Cantone v. Barker Animation, Inc. and Herbert Barker</u>, case number: 15-62372-CIV-

Plaintiff _JLC_ Barker Animation, Inc. _B_ Herbert Barker _B_

DIMITROULEAS, pending in the United States District Court for the Southern District of Florida.

b. "Plaintiff" shall mean, JENNIFER CANTONE, her heirs, executors, administrators, agents, distributes, attorneys, beneficiaries, successors in interest and assignees.

c. Defendant BARKER ANIMATION, INC., shall include, BARKER ANIMATION, INC. predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives, in their individual and official capacities, and their heirs and legal representatives.

d. Defendant HERBERT BARKER shall include HERBERT BARKER's heirs, executors, administrators, agents, distributes, attorneys, beneficiaries, successors in interest and assignees.

### Agreement and General Releases

Each and every recital above is fully and expressly incorporated herein.

1. The parties hereto recognize that Defendants do not admit, but rather, specifically deny, any liability to Plaintiff, or to anyone else as a result of or growing out of matters set forth in the pleadings of the Plaintiff in the above-entitled cause.

Plaintiff __JLC__ Barker Animation, Inc. __B__ Herbert Barker __AB__

2. Defendants agree to pay Plaintiff the sum of Twenty Thousand and 00/100 Dollars ($20,000.00). The settlement sum represents the following:

    a. Seven Thousand Two Hundred and Fifty and 00/100 Dollars ($7,250.00) as unpaid wages;

    b. Seven Thousand Two Hundred and Fifty and 00/100 Dollars ($7,250.00) as liquidated damages; and

    c. Five Thousand Five Hundred and 00/100 Dollars ($5,500.00) to James E. Dusek, Esq. as attorney's fees and costs.[1]
FEIN 65-0230521.

3. Defendants agree to deliver payment described in paragraph number 2 to the Law Office of James E. Dusek as follows:

    a. <u>First Installment $10,000.00</u> - delivered within 10 calendar days from the date of the Court's Order approving this Agreement and paid in the manner as follows:

        i. A single check in the amount of Seven Thousand Dollars ($7,000.00) payable to Jennifer Cantone for which no deductions shall be made and Defendant BARKER ANIMATION, INC. will issue a Form 1099 for this sum.

        ii. A single check in the amount of $3,000.00 payable to James E. Dusek, Esq.

---

[1] Attorney's fees are $5,000.00 and costs are $500.00

Plaintiff _JLC_ Barker Animation, Inc. _HB_ Herbert Barker _HB_

b. <u>Second Installment $5,000.00</u> - delivered within 30 calendar days from the date of the Court's Order approving this Agreement and paid in the manner as follows:

 i. A single check in the amount of Three Thousand Seven Hundred Fifty and 00/100 Dollars ( $3,750.00) payable to Jennifer Cantone for which no deductions shall be made and Defendant BARKER ANIMATION, INC. will be issue a Form 1099 for this sum.

 ii. A single check in the amount of One Thousand Two Hundred Fifty and 00/100 Dollars ( $1,250.00) payable to James E. Dusek, Esq.

c. <u>Third Installment $5,000.00</u> and delivered within 60 calendar days from the date of the Court's Order approving this Agreement and paid in the manner as follows:

 i. A single check in the amount of Three Thousand Seven Hundred Fifty and 00/100 Dollars ($3,750.00) payable to Jennifer Cantone for which no deductions shall be made and Defendant BARKER ANIMATION, INC. will be issue a Form 1099 for this sum.

 ii. . A single check in the amount of One Thousand Two Hundred Fifty and 00/100 Dollars ($1,250.00) payable to James E. Dusek, Esq.

4. In the event Defendants fail to timely pay any sum due under this Agreement, Plaintiff shall provide Defendants' attorney written notification that timely payment has not been received. Defendants shall

Plaintiff _JLC_ Barker Animation, Inc. _[sig]_ Herbert Barker _[sig]_

then be allowed seven (7) calendar days grace period to ensure the required payment is delivered to the Law Office of James E. Dusek. If after that the required payment is not received by the Law of Office of James E. Dusek within the seven (7) calendar days, then Plaintiff shall be entitled to an immediate judgment in her favor and against Defendants, jointly and severally, for any unpaid amount.

5.   In exchange for the Settlement Payment, Plaintiff hereby remises, acquits, releases, satisfies and discharges, Defendants, their predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives, in their individual and official capacities, and their heirs and legal representatives, of from, any and all claims (including but not limited to any claim under the Age Discrimination in Employment Act of 1967, as amended, FMLA, Title VII, the Florida Civil Rights Act, any whistleblower's statute, including Florida's whistleblower statute) and demands, causes of action, suits, administrative proceedings, debts, dues, sum of money, accounts, reckonings, bonds, bills specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, whether known or unknown, matured or un-matured, accrued or un-accrued, which

Plaintiff _JLC_   Barker Animation, Inc. _HB_   Herbert Barker _HB_

Plaintiff and Plaintiff's heirs, executors, administrators, agents, distributes, beneficiaries, successors in interest and assignees ever had or now have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to any and all claims which were actually asserted, or might have been asserted or could have been asserted by Plaintiff in this action.

6. In consideration of dismissal of this action, with prejudice, Defendants, their predecessors and successors in interest, assignees, parent corporations, subsidiaries, affiliates, divisions and related companies and entities, shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives in their individual and official capacities, and their heirs and legal representatives, hereby remise, acquit, release, satisfy and discharge Plaintiff, her heirs, executors, administrators, agents, distributes, beneficiaries, successors in interest and assignees, of and from, any and all claims and demands, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, whether known or unknown, matured or un-matured, which defendants, their predecessors and successors in interest, assignees, subsidiaries, parent corporations,

Plaintiff _JLC_ Barker Animation, Inc. _HB_ Herbert Barker _HB_

affiliates, divisions and related companies and entities, shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives have or may have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of the Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by Defendants against Plaintiff, her heirs, executors, administrators, agents, distributes, beneficiaries, successors in interest and assignees in this action. All such claims are forever barred by this Agreement, regardless of the forum or form in which such claims might be brought. Employee understands that nothing in this Agreement prevents her from filing a charge or complaint wit, or from participating in an investigation or proceeding conducted by the EEOC, NLRB, or any other federal, state, or local agency charged with the enforcement of any laws. Employee, however, hereby releases and waives her right to any individual monetary recovery in connection with any proceedings initiated by any state or federal agency against the Company or by Employee or anyone on her behalf. Should employee nonetheless receive any individual monetary recovery in connection with any such proceeding, she will immediately remit it the Company. As a condition of the Company entering into this Agreement, Employee represents that she has not filed other claims against the Company any of its Affiliates, relating to Employee's employment or separation from employment or

Plaintiff _____ Barker Animation, Inc. _____ Herbert Barker _____

otherwise with the exception of a Florida Unemployment Claim for which she has been paid.

7. Plaintiff agrees that Plaintiff has been paid for all hours worked and overtime and minimum wage compensation while employed by Defendants and agrees that Defendants do not owe Plaintiff any other monies with regard to compensation associated for hours worked.

8. Plaintiff agrees to dismiss this action <u>with prejudice upon</u> the Court's approval of this settlement, unless the action is dismissed by the Court. The Parties agree that the Court will retain jurisdiction to enforce the terms of this Agreement.

9. Plaintiff agrees not to engage in any pattern of conduct that involves the making or publishing of written or oral statements or remarks, (including, without limitation, the repetition or distribution of derogatory rumors, allegations, negative reports or comments) which are disparaging, deleterious or damaging to the integrity, reputation or good will of Defendants or any representative and/or management official thereof. Defendants agree that they shall not engage in any pattern of conduct that involves the making or publishing of written or oral statements or remarks, (including, without limitation, the repetition or distribution of derogatory rumors, allegations, negative reports or comments) which are disparaging, deleterious or damaging to the integrity, reputation or good will of Plaintiff, and for any reference verification by a prospective employer, will only state the position that

Plaintiff _JLC_ Barker Animation, Inc. _____ Herbert Barker _____

Plaintiff had and the time spent in that position (neutral reference). All inquiries regarding Plaintiff shall be directed Herbert Barker or his designee(s). Moreover, to ensure the neutrality of the reference, if a prospective employer asks if Plaintiff is "eligible for rehire" Defendants shall respond only that it is the policy of the company to confirm only date of employment and positions held. Plaintiff agrees never to apply for employment with Defendants in the future.

10. In the event any party is required to enforce the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney fees, paralegal fees, and all costs. Reasonable attorney fees, paralegal fees, and costs will extend to any effort to obtain a judgment, all efforts in attempt to collect a judgment, and any appeal.

11. This Agreement is to be construed and governed under the laws of the State of Florida and shall blind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding.

12. Plaintiff acknowledges that Plaintiff has not previously transferred, assigned, or conveyed any right or claim released in this Agreement. This Agreement and all of its provisions, right or claim released in this Agreement. This Agreement and all of its provisions, rights, and obligations shall be binding upon and shall inure to the

Plaintiff _____ Barker Animation, Inc. _____ Herbert Barker _____

benefit of the parties hereto and to their respective Affiliates, successors, heirs, assigns and legal representatives. This Agreement may not be assigned by Employee without the express written consent of the Company, which consent may be withheld at the discretion of the Company and any purported assignment, unless so consented to, shall be void and without effect.

13. It is further understood and agreed that the Settlement Payment, and the other good and valuable consideration provided for herein, are not mere recitals, but are the consideration for this Agreement and the full and final mutual general releases affected thereby.

14. It is further agreed that each party shall bear his, her, or its own costs and attorneys fees, other than what is expressly set forth herein, incurred in the action and in handling the matters covered by this Agreement.

15. This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks, and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown in a final and binding manner.

16. This Agreement cannot be modified, altered, or changed except by a writing signed by the parties wherein specific reference is made to this Agreement.

Plaintiff _JLC_  Barker Animation, Inc. _HB_  Herbert Barker _HB_

17. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

18. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

19. By signing this Agreement, the Employee has carefully read and understands all of the provisions of this Agreement and:

a. Employee has been given twenty-one (21) days to consider her rights and obligations under this Agreement and to consult with an attorney and should she sign this Agreement without waiting the full 21 days, her decision in this regard is knowing and voluntary and not induced through fraud, misrepresentation or a threat to withdraw or alter the offer contained herein;

b. The Company hereby advises Employee in writing to consult with an attorney and/or any other advisors of her choice before signing the Agreement;

c. Employee has voluntarily chosen to enter into this Agreement and has not been forced or pressured in any way to sign it;

Plaintiff _____ Barker Animation, Inc. _____ Herbert Barker _____

d. This Agreement includes a Waiver of All Rights and Claims Plaintiff may have the Age Discrimination in Employment Act of 1967 (29 U.S.C. Sec. 621 et seq.)

20. This Agreement may be signed in counterpart, and a PDF copy transmitted by email shall be deemed to be an original.

As to Plaintiff:

Date: 4/25/16

JENNIFER CANTONE

As to Defendant:
BARKER ANIMATION, INC.

Date: 4/27/16    By: _____
HERBERT BARKER for
BARKER ANIMATION, INC.

As to Defendant:
HERBERT BARKER

Date: 4/27/16

HERBERT BARKER

Plaintiff _____ Barker Animation, Inc. _____ Herbert Barker _____